No. 14-4214

IN THE

# UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

v.

JOHNNY L. DOWDY, JR., a/k/a Supreme,
Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BRIEF OF APPELLEE THE UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

JOHN J. FRAIL
Assistant United States Attorney
Post Office Box 1713
Charleston, West Virginia 25326
(304) 345-2200

COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

STATEMENT OF JURISDICTION .......... 1

ISSUE PRESENTED FOR REVIEW .......... 1

STATEMENT OF THE CASE .......... 1

SUMMARY OF ARGUMENT .......... 10

ARGUMENT

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING RELIABLE HEARSAY EVIDENCE OF VICTIM AFTER DETERMINING GOVERNMENT HAD DEMONSTRATED GOOD CAUSE IN NOT PRODUCING VICTIM AT DEFENDANT'S SUPERVISED RELEASE REVOCATION HEARING .......... 10

CONCLUSION .......... 14

## TABLE OF AUTHORITIES

Page

**CASES**

*United States v. Doswell*,
670 F.3d 526 (4th Cir. 2012) .................................................. 8, 11-13

*United States v. Ferguson*,
752 F.3d 613 (4th Cir. 2014) .................................................. 11, 12

**STATUTES**

Title 18, United States Code, Section 2 .................................................. 1

Title 18, United States Code, Section 924(c) .................................................. 2

Title 18, United States Code, Section 3231 .................................................. 1

Title 18, United States Code, Section 3582 .................................................. 2

Title 21, United States Code, Section 841(a)(1) .................................................. 1

Title 28, United States Code, Section 3742 .................................................. 1

**OTHER**

Fed. R. Crim. P. 32.1(b)(2)(c) .................................................. 11

Fed. R. Crim. P. 35 .................................................. 2

## STATEMENT OF JURISDICTION

Appellant Johnny L. Dowdy, Jr., a/k/a Supreme, (hereinafter "defendant") was charged by Petition with violating the terms of his supervised release, thus conferring jurisdiction on the district court under 18 U.S.C. § 3231. J.A. 20-24.[1] This Court's appellate jurisdiction to review appeals from all final decisions of the district court is conferred in 28 U.S.C. § 3742.

## ISSUE PRESENTED FOR REVIEW

**DID THE DISTRICT COURT ABUSE ITS DISCRETION BY ADMITTING INTO EVIDENCE AT A SUPERVISED RELEASE REVOCATION HEARING TESTIMONY OF A BATTERY VICTIM'S EXCITED UTTERANCES TO LAW ENFORCEMENT OFFICERS IDENTIFYING HER ASSAILANT AFTER FIRST CONSIDERING THE UTTERANCES RELIABILITY AND RULING THAT THE GOVERNMENT HAD ESTABLISHED GOOD CAUSE FOR NOT PRODUCING THE VICTIM AT THE HEARING?**

## STATEMENT OF THE CASE

On October 18, 2002, defendant pled guilty to a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (aiding and abetting the possession with intent to distribute five grams or more of cocaine base) as charged in Count Four of the

[1] References to the Joint Appendix shall be "J.A. ___."

Indictment returned by a Federal Grand Jury against him and to a violation of 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking offense) as charged in a single-count Information. J.A. 5. Thereafter, on March 20, 2003, defendant was sentenced to 151 months imprisonment on Count Four, to be followed consecutively by a term of imprisonment of 60 months on the Information, followed by a five-year term of supervised release. J.A. 7. Following sentence reductions pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3582, defendant's term of supervised release commenced on July 23, 2010. J.A. 20. On July 24, 2013, defendant's probation officer filed a Petition for Warrant on Summons for Offender under Supervision seeking revocation of supervised release for having violated the following conditions of supervision:

1. **Violation of standard condition: The defendant shall not commit another federal, state, or local crime:**

   On or about June 16, 2011, the offender was charged with driving while licensed revoked and speeding in Randolph County, North Carolina, District Court. On or about January 26, 2012, he pled guilty to failure to notify the DMV of address change and improper equipment. He was assessed a $150.00 fine.

   On or about February 21, 2012, the offender was charged with speeding in Randolph County, North Carolina, District Court. On June 1, 2012, he was found guilty of improper equipment. He was assessed a fine of $25.00.

On or about February 24, 2013, the offender was arrested by members of the Asheboro, North Carolina, Police Department, and charged with misdemeanor resisting a public officer. Mr. Dowdy was released and his case is pending, with a trial scheduled for August 23, 2013. According to the criminal complaint, the offender physically resisted officers while they were attempting to secure him during a traffic stop.

2. **Violation of standard condition number three: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer:**

The offender has been under the supervision of the probation office in the Middle District of North Carolina. His probation officer scheduled to meet with Mr. Dowdy on March 12, 2013. On that date, he cancelled his appointment and agreed to report on March 13, 2013. He failed to report, and did not contact his probation officer again until April 22, 2013, when he called from a blocked number and said he was "staying with friends." The call was dropped before the probation officer could learn his whereabouts. He has made no efforts to contact his probation officer since.

3. **Violation of standard condition number six: The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

The offender was approved to reside at his parent's residence in Robbins, North Carolina. His probation officer made numerous unsuccessful attempts to reach Mr. Dowdy at his residence. During an unannounced home visit on April 3, 2013, the offender's parents informed his probation officer that he does not always stay with them, and that they did not know where he stayed. On June 20, 2013, during another home visit, Mr. Dowdy's parents denied knowing his whereabouts and indicated they have not heard from him or seen him for an extended period of time. The offender's current whereabouts are unknown.

J.A. 20-24.

Thereafter, on September 30, 2013, an amendment to the petition was filed alleging two additional violations:

Amendment to violation no. 1

**<u>Violation of standard condition: The defendant shall not commit another federal, state, or local crime:</u>**

On or about September 22, 2013, the offender was arrested and charged with domestic battery and obstructing an officer. According to a report prepared by members of the Charleston, West Virginia, Police Department, officers responded to an anonymous complaint indicating that a black male was beating a white female in the street. Officers made contact with a black male who identified himself as James Monroe, with a birth date of March 5, 1975. The alleged victim approached officers and stated the suspect was her boyfriend and that he had physically attacked her. The alleged victim indicated that the suspect had slung her around the street, kicked her at least twice and punched her in the face with a closed fist. The victim's mouth was swollen and the inside of her lip was cut and bleeding. She was too upset to give a written statement, but photographs were taken of her injuries. The victim advised the officers that the suspects name was Johnny Lee Dowdy, Jr., not James Monroe. Officers were able to confirm the offender's identity and he was arrested and charged with domestic battery and obstruction. Officers also learned that Mr. Dowdy was wanted by the United States Marshals Service. Once at the police station, the offender was uncooperative and would not allow officers to take his fingerprints. Mr. Dowdy is currently incarcerated and these charges are pending in the Kanawha County Magistrate Court.

> 4. **<u>Violation of standard condition number one: The defendant shall not leave the judicial district without the permission of the Court or the probation officer:</u>**
>
> In October 2011, the offender was allowed to have his supervision transferred to the Middle District of North Carolina. On or about September 22, 2013, he was arrested in Charleston, West Virginia. His supervising officer in North Carolina has had no contact with the offender since April, 2013.

J.A. 23-24.

On January 14, 2014, a hearing was held on both the petition and amendments. J.A. 25. Defendant admitted all the allegations except those contained in paragraph three of violation one in the petition and the amendment to violation one only as it related to the domestic battery charge, i.e. defendant admitted the obstruction charge. J.A. 31. The Government moved to dismiss the allegations in paragraph three of violation number one. J.A. 32. As the district court noted, the only remaining allegation to be considered was the domestic battery contained in the amended petition. J.A. 32.

Before calling witnesses, the Government advised the district court that the United States Marshal Service had made three unsuccessful attempts to locate the domestic violence victim, Ms. Amick, at her residence and telephone calls to her on the number she had provided had not been returned. J.A. 32. Additionally, the

Government further advised the court that it had tried also to telephonically contact the victim without success, even pointing out that the phone was answered by machine identifying the victim and requesting a message be left. J.A. 33. Nevertheless, the Government advised the court that it was prepared to call two law enforcement officers who "were on the scene who can testify to observations they made." J.A. 33. The court was further advised that the officers' testimony would relate to their observations upon arrival after the alleged battery had occurred and oral statements made by the victim at the scene. J.A. 33.

Charleston Police Officer Jonathan Weaver testified that he had been radio dispatched to "a fight in progress," and that the radio communicator further advised a "black male had a white female in the street and was physically assaulting her" and that the black male was "wearing a white-striped shirt." J.A. 35-36. Patrolman Weaver testified further that upon arrival, he observed defendant in the street and a female bleeding from the face who advised that defendant had thrown her down in the street, kicked her, and struck her several times in the face with a closed fist. J.A. 37. Finally, Patrolman Weaver testified that the female's injuries, swollen face and lips "cut from what appeared to be impact" were consistent with having been thrown to the ground. J.A. 37. On cross examination, Patrolman Weaver acknowledged

that the victim had not provided a written statement but opined that it was because she was too upset, was crying and being treated by medics, to provide one. J.A. 38.

Charleston Police Department Cpl. James Wilson testified that he also responded to a radio dispatch of a "domestic in progress between a black male and a white female engaged in some sort of fighting" and that the black male was wearing a striped shirt. J.A. 41. Upon his arrival on the scene, Cpl. Wilson observed defendant walking down the street wearing a striped shirt. J.A. 41. Upon talking to the female, who he observed bleeding from her face, mouth, and possibly nose area, he learned defendant had "become enraged, picked her up, slammed her on the ground, hit her, and kicked her as well." J.A. 42. Cpl. Wilson also confirmed that the nature of her injuries he personally observed were consistent with having been beaten and thrown to the ground. J.A. 43.

Following the officers' testimony, the district court took a brief recess to review the transcript of the proceedings. The court found that the oral statements of the victim as detailed by the officers would likely "fall under the hearsay exception for excited utterances." J.A. 44. The court found further that "under the circumstances and the testimony that she was still under the excitement of being upset of the incident, which - - of which she was speaking and as evidenced, among

other things, by her demeanor as described by the police officers, and the injuries she had sustained." J.A. 44. Further, the court found that while the excited utterances exception tended to support the reliability of her statements, beyond that her statements were deemed reliable because 1) original caller information indicated the battery was being undertaken by a black male in a striped shirt and 2) the victim, who was visibly injured and upset, talked directly to the officers and identified defendant as the perpetrator including that his real name was different than that he had provided. J.A. 43, 45. Accordingly, the court found the hearsay evidence was reliable, and concluded defendant committed a battery although declining to find a "domestic" relationship based on the evidence presented. J.A. 45-46.

Defendant objected to the battery finding arguing that even if reliable, the court was obligated to balance defendant's limited interest in confronting the witness and "that would involve examining the reason why the witness isn't present." J.A. 47-48. In response, the court indicated that it was aware of the balancing test required after United States v. Doswell, 670 F.3d 526 (4th Cir. 2012), which required that the court "balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." J.A. 48. The court further found that the reason confrontation did not occur "is

that the Government despite, I believe, indicating that they had placed her under subpoena,[2] she has not communicated, nor has appeared pursuant to the subpoena . . . and if the evidence is reliable and the Government's explanation for not producing the witness is satisfactory, the hearsay evidence will likely be admissible." J.A. 48-49. The court specifically found the Government's explanation for not producing the witness to be satisfactory. J.A. 49.

After revoking defendant's supervised release, the court determined that defendant was subject to an advisory guideline range of 8-14 months based on multiple violations, the most serious being a Grade C violation and a criminal history category VI. J.A. 46. In imposing a sentence at the top of the guideline range at 14 months,[3] the district court noted that its decision was based on a number of factors including that defendant had essentially absconded from supervision, his significant criminal history that included guns, drugs, theft-type crimes and violence all of which indicate little regard for the law, and "show[ing] up in West Virginia beating up this girl." J.A. 51. The court noted further that the

[2] While the court had mistakenly believed the victim had been actually served with a subpoena, however, it correctly determined that she refused to communicate with the Government or appear for the hearing even after repeated attempts to reach her in person and by telephone.

[3] As noted by the court, defendant was also subject to statutory maximum sentence of 5-8 years. J.A. 53

sentence needed "to deter you from falling short of the expectation of the court and law and to protect the public from your criminal activity." J.A. 52. Finally, the court noted that the episode it had heard testimony about was violent. J.A. 52.

Defendant appeals the 14-month sentence.

## SUMMARY OF ARGUMENT

The district court did not abuse its discretion in admitting at defendant's supervised release revocation hearing testimony of a battery victim's excited utterances to law enforcement officers identifying defendant as her assailant after first determining the hearsay evidence was reliable and that the government had demonstrated good cause for not producing the victim at the hearing.

## ARGUMENT

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING RELIABLE HEARSAY EVIDENCE OF VICTIM AFTER DETERMINING GOVERNMENT HAD DEMONSTRATED GOOD CAUSE IN NOT PRODUCING VICTIM AT DEFENDANT'S SUPERVISED RELEASE REVOCATION HEARING.

## A. STANDARD OF REVIEW

This Court reviews a district court's decision on admission of hearsay evidence for abuse of discretion. *United States v. Doswell*, 670 F.3d 526, 529 (4th Cir. 2012).

## B. DISCUSSION

Defendant argues that the district court failed to conduct the requisite balancing test announced in *Doswell* before admitting testimony of the police officers relating to the victim's excited utterances which identified defendant as her assailant. Defendant's argument is without merit, however, as the court explicitly balanced defendant's interest in confronting his victim against the government's showing of good cause for why the victim was unavailable at the hearing as required by *Doswell*.

Under Fed. R. Crim. P. 32.1(b)(2)(c), defendants in revocation proceedings are entitled to "question any adverse witness unless the court determines that the interest of justice does not require the victims to appear." In *Doswell*, this Court held that "prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *Doswell* at 530. In *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014), this Court held further that

"unless the Government makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings."

In the instant case, the district court not only properly exercised its discretion in determining the reliability of the hearsay evidence offered by the Government, but also specifically considered the Government's reasons for not producing the witness and determined, again in its discretion, that its reasons were satisfactory as required by *Doswell* and *Ferguson*.

The district court, as an initial matter, first considered the reliability of the victim's excited utterances made to the police officers who arrived on scene immediately following her attack. J.A. 44. Concluding that her statements "would likely fall under the hearsay exception for excited utterance," the court found her statements reliable "because of a number of circumstances presented in testimony." J.A. 44. Specifically, identifying facts that the "battery was being undertaken by a black man in a striped shirt . . . Mr. Dowdy was present wearing such a shirt"; the victim talked directly to the officers"; the victim was "visibly injured" consistent with the described battery; and, the victim "identified the defendant as a perpetrator," all led the Court to find the hearsay reliable based upon a preponderance of the evidence and that defendant had committed battery. J.A. 45.

Upon defendant's objection based on his right to confront witnesses against him at the hearing, the district court referencing specifically to *United States v. Doswell*, recognized its duty to "balance the releasee's intent in confronting an adverse witness against any proffered good cause for denying such confrontation." J.A. 48. The district court then considered the government's reasons for not producing the victim which included her refusal to communicate with the Government or appear at the hearing, although the court had mistakenly believed she had actually been placed under subpoena. J.A. 48-49. Exercising its discretion, the court found that the government's explanation for not producing the witness was satisfactory and properly considered the hearsay evidence in determining the defendant had violated the term of his supervised release by committing a battery.[4] J.A. 49.

Having conducted the requisite balancing test before considering hearsay evidence, the district court committed no error in finding defendant had committed a battery. Likewise, based on the battery as well as all the other uncontested Grade C violations which defendant committed, the court properly found defendant had

---

[4] As noted previously, defendant did not contest other violations including, among others, absconding supervision and obstructing a police officer during the same incident as the battery, each of which constituted a Grade C violation, just like the battery allegation.

violated the terms of his supervised release for which the court properly revoked his supervised release. Imposing a sentence at the top of the advisory guideline range of 14 months was proper given all of defendant's violations including having absconded from supervision, his very significant criminal history that included guns, drugs, and violence, as well as the need to protect the public from defendant's criminal activity. Accordingly, the decision of the district court should be affirmed.

## CONCLUSION

For the reasons noted above, the decision of the district court in sentencing defendant to a term of imprisonment of 14 months for violating the terms of his supervised release, should be affirmed.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By: s/John J. Frail
JOHN J. FRAIL
Assistant United States Attorney

**CERTIFICATE OF COMPLIANCE**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the page limitation of Fed. R. App. 32(a)(7)(A).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because the brief has been prepared in a proportional typeface using Microsoft Word 2010 in 14-point Goudy Old Style.

s/John J. Frail_______________
JOHN J. FRAIL
Assistant United States Attorney
Attorney for the United States

Date: July 23, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2014, I electronically filed the foregoing "BRIEF OF APPELLEE THE UNITED STATES OF AMERICA" with the Clerk of court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Joel M. Bondurant, Jr., Esquire
5051 Paces Station Drive, Suite 2014
Atlanta, GA 30339

s/John J. Frail______________
JOHN J. FRAIL
Assistant United States Attorney
Attorney for the United States